UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                Case No. 85-CR-141

JEFFERY HAYDOCK,

      Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
"MOTION TO CORRECT/MODIFY SENTENCE"**

After completing service of a state sentence, the defendant arrived at the Federal Correctional Institution, Pekin, Illinois, on July 21, 2004. Exhibit 1. In March 1986 the defendant was convicted of armed bank robbery (Title 18, United States Code, Section 2113 (a) & (d)) and use of a firearm during the commission of a violent offense (Title 18, United States Code, Section 924(c)). An Amended Judgment was entered on October 28, 1986, sentencing the defendant to five years incarceration on the armed bank robbery count, to be followed by a mandatory consecutive five years incarceration on the firearm count. Exhibit 2.

The defendant believes the armed bank robbery count was to be served concurrent with his state sentence. The Bureau of Prisons (BOP) disagrees and has calculated the defendant's release based on the entire ten year sentence. The defendant has pursued an administrative resolution of this dispute. Exhibit 3. Consistent with policy, the BOP agreed to request judicial clarification of the sentence. Exhibit 4. The defendant has also filed the pending "Motion to Correct/Modify Sentence" which is better considered a motion to

clarify.

It is true that the Amended Judgement does not specifically state that the sentence on the armed bank robbery count was to be served concurrent with the state sentence. Exhibit 2. To that extent, the BOP has technically calculated the sentence correctly pursuant to Title 18, United States Code, Section 3568 (1986). However, this calculation ignores the Decision and Order issued by Judge Reynolds on October 28, 1986 the same date as the Amended Judgment. Exhibit 5. Therein, the Judge wrote:

> At sentencing, the court made clear its intent that the 20 year[1] sentence would run concurrent with any sentence imposed by the state against Mr. Haydock for other bank robberies he had committed.

Exhibit 5, at 1. Later the Judge refers to "this court's earlier intention that his federal 20-year sentence run concurrent with his state time." Exhibit 5, at 2. It is also important to note that in a submission dated July 25, 1986, the government wrote:

> At the time of [the original] sentencing, it was the perception of the undersigned attorney for the government that the intention of the court was for Mr. Haydock's sentence to be served concurrently with any sentence he would subsequently receive by reason of charges then pending in the Circuit Court for Dane County, Wisconsin...[T]he government does not oppose the request of the defendant that the federal sentence be served concurrent to the later imposed state sentence.

Exhibit 6.

Unfortunately, we are not able to ask Judge Reynolds to clarify his intention. From the record left us, however, it seems clear that the Judge intended the defendant's five year sentence for armed bank robbery be served concurrent with the state sentence. The five year sentence for the firearm offense

---

[1]The original sentence for the federal armed bank robbery was 20 years. This was amended to 5 years on October 28, 1986.

2

must by law be served consecutive to any other sentence.

Wherefore, the government requests that this Court enter an Order clarifying that the sentence imposed October 28, 1986, provided that the five year sentence for violation of Title 18, United States Code, Section 2113(a) and (d) be served concurrent with any sentence imposed by the State of Wisconsin and that the five year sentence for violation of Title 18, United States Code, Section 924(c) be served consecutive to any other sentence imposed by any state or federal court.

Dated this _____ day of May, 2006.

                    Respectfully submitted,

                    STEVEN M. BISKUPIC
                    United States Attorney

By: _____
      PAUL L. KANTER
      Assistant United States Attorney
      Paul L. Kanter Bar Number 1005035
      Attorney for Plaintiff
      Office of the United States Attorney
      Eastern District of Wisconsin
      517 East Wisconsin Avenue
      Milwaukee, Wisconsin 53202
      Telephone: (414) 297-4104
      Facsimile: (414) 297-1738
      Email: Paul.Kanter@usdoj.gov